# EXHIBIT "A"

# EXHIBIT "A"

| | | | |
|---|---|---|---|
| **SUMMONS - CIVIL**<br>JD-CV-1 Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA*. | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |  |

**Instructions are on page 2.**

- ☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- ☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- ☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 70 Huntington Street, New London 06320 | (860) 443 - 5363 | 1/7/2025 |

| ☒ Judicial District | G.A. Number: | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|---|
| ☐ Housing Session | | New London | Major: **C**   Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| BBB Attorneys, 3651 Main Street, Suite 200, Stratford, CT 06614 | 433193 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| (203) 562 - 0900 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>filing@bbbattorneys.com |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: Moscol, John<br>Address: 32 Miner Street, Groton, CT 06340 | P-01 |
| **Additional plaintiff** | Name: Gibson Moscol, Kara<br>Address: 32 Miner Street, Groton, CT 06340 | P-02 |
| **First defendant** | Name: AmGUARD Insurance Company; 39 PUBLIC SQUARE, WILKES-BARRE, PA 18701<br>Address: A/F/S: CT Insurance Commissioner, 153 Market Street, Hartford, CT 06103 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. You are being sued. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>11/18/2024 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>Anthony M. Scricca, Esq. |
|---|---|---|---|

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

A TRUE COPY
ATTEST
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date |
|---|---|---|

Page 1 of 2

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:
   - (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   - (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   - (c) Applications for change of name
   - (d) Probate appeals
   - (e) Administrative appeals
   - (f) Proceedings pertaining to arbitration
   - (g) Summary Process (Eviction) actions
   - (h) Entry and Detainer proceedings
   - (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |



| | | |
|---|---|---|
| DOCKET NO.: HHD-CV23-6173706-S | : | SUPERIOR COURT |
| JOHN MOSCOL AND KARA GIBSON MOSCOL | : | J. D. OF NEW LONDON |
| V. | : | AT NEW LONDON |
| AMGUARD INSURANCE COMPANY | : | NOVEMBER 18, 2024 |

## COMPLAINT

### COUNT ONE:  JOHN MOSCOL V. AMGUARD INSURANCE COMPANY - BREACH OF CONTRACT

1. The Plaintiff, John Moscol, was and still is a resident of the State of Connecticut with his place of residence being in the Town of West Hartford.

2. The Defendant, AmGUARD Insurance Company (hereinafter the "Defendant"), was and is a foreign corporation licensed to issue policies of insurance in the State of Connecticut and has a principal place of business at 39 PUBLIC SQUARE, WILKES-BARRE, PA 18701.

3. At all times relevant hereto, the Plaintiff owned and maintained an insurable interest in a three-story residential property located at 18 Fowler Court in the City of New London, Connecticut (hereinafter the "property").

4. On or around April 11, 2023, water began to leak through into the first floor of the property which resulted in water damage to the Plaintiff's real property.

5. At the same time and place, cracks formed in the window frames, walls, and trim of the second story of the property.

6. On or before April 11, 2023, the Defendant issued to the Plaintiff, in the State of Connecticut, in consideration for premiums paid, a policy of insurance for homeowners insurance coverage, bearing policy number JOHO421266 (hereinafter the "policy"), which

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

1



included coverage for direct physical loss or damage to the property except as specifically excluded by the policy.

7. On June 14, 2023, the Plaintiff made a claim with the Defendant for structural damage and water damage as outlined above.

8. On or about June 19, 2023, the Defendant issued a denial of the Plaintiff's claim.

9. Subsequent to the Plaintiff's claim, in late 2023 the Plaintiff caused the interior walls on the second and third floors of the property to be removed because of the cracks in the walls, window frames, and floor molding, which uncovered substantial water damage from water intrusion to the back of the plaster walls.

10. As the same time and place, the subsequent water intrusion caused substantial damage to the Plaintiff's property.

11. The aforementioned water damage caused by the water intrusion will cost in excess of $178,635.39, of which the Plaintiff timely notified the Defendant of on May 2, 2024.

12. At all times relevant, the Plaintiff's property was structurally sound.

13. The Plaintiff suffered a direct physical loss or damage that is not specifically excluded by the policy.

14. The Defendant breached the contract between it and the Plaintiff, in that they:

   a. Failed to compensate the Plaintiff for his property damage sustained in the two incidents involving the water intrusion;

   b. Improperly denied the Plaintiff's claim for coverage when it knew or should have known that the damage at the property was covered under the Plaintiff's policy;

   c. Misrepresented policy provisions and pertinent facts to coverages at issues when analyzing photographs provided by the Plaintiff pertaining to water damage to personal property; and

   d. Failed to compensate the Plaintiff for damage to personal property, fixtures and other interior property damage.

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



15. The aforementioned insurance policy was in effect at the time of the initial water intrusion, on or before April 11, 2023, and continued through at least February 2024.

16. The property damage was not subject to any exclusion under the policy.

17. The Defendant is in breach of its contract with the Plaintiff.

18. As a direct and proximate result of the Defendant's breach, the Plaintiff has suffered damages, including property damage to the property.

19. As a direct and proximate result of the Defendant's breach, the Plaintiff has expended funds in restoring the property.

20. As a result of the Defendant's breach of contract, the Plaintiff incurred further water damage throughout the property, both as a result of the water damage already existing at the time of the initial claim and the subsequent water damage.

## COUNT TWO: JOHN MOSCOL V. AMGUARD INSURANCE COMPANY - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1-20. Paragraphs 1 through 20 of Count One are hereby repeated, reasserted, realleged and incorporated as Paragraphs 1 through 20 of this Count Two, as if set forth herein.

21. The Plaintiff had a reasonable expectation that the Defendant would comply with their obligations under the insurance policy.

22. The Defendant failed to comply with its obligations in bad faith, in that they:

   a. Failed and/or neglected to provide coverage for the above losses when all such information had been disclosed to them, for the purposes of monetary gain to the Defendant;

   b. Communicated such denial to the Plaintiff in an effort to deceive the Plaintiff into believing that she did not have coverage for his losses sustained and timely reported to the Defendant, for the purposes of monetary gain to the Defendant;

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

3



  c. Committed such actions with a fraudulent intent to increase the Defendant's profits in retaining funds due to the Plaintiff under the insurance policy between the Plaintiff and Defendant.

23. As a result of the Defendant's failure to comply with its obligations in bad faith, the Plaintiff has suffered damages including the costs to demolish and repair significant portions of the property.

### COUNT THREE: JOHN MOSCOL V. AMGUARD INSURANCE COMPANY - BREACH OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-23. Paragraphs 1 through 23 of Count Two are hereby repeated, reasserted, realleged and incorporated as Paragraphs 1 through 23 of Count Three, as if set forth herein.

24. After the Plaintiff made the initial insurance, the Defendant sent an inspector to inspect the premises. After the inspection, the Defendant denied the Plaintiff's claim on the basis of a structural damage exclusion under the policy.

25. The Plaintiff subsequently had the property inspected by an engineer who opined that the property was structurally sound and that the water intrusion was caused by masonry deterioration behind the interior plaster walls.

26. To the date of this complaint, the Plaintiff has not been compensated for his losses.

27. The Defendant has failed to compensate the Plaintiff for property damage sustained when it became reasonably clear that liability was in favor of compensating the Plaintiff.

28. The Plaintiff has been forced to institute litigation to recover for property damage resulting from the loss.

29. The Defendant breached the Connecticut Unfair Insurance Practice Act, General Statutes § 38a-815 and 38a-816 ("CUIPA"), in one or more of the following ways,

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

4



which breaches resulted in substantial injury to the Plaintiff as consumers of its insurance, in that it:

    a. breached General Statutes § 38a-816(6)(b) by failing to acknowledge and act with reasonable promptness upon communications concerning claims arising under its insurance policy provisions;

    b. breached General Statutes § 38a-816(6)(c) by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policy provisions;

    c. breached General Statutes § 38a-816(6)(d) by refusing to pay claims without conducting a reasonable investigation based upon all available information;

    d. breached General Statutes § 38a-816(6)(f) by not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability/ responsibility has become reasonably clear;

    e. breached General Statutes § 38a-816(6)(g) by compelling insureds to institute litigation to recover amounts due under its insurance policy provisions by offering substantially less than the amounts which have been or will be ultimately be recovered in the actions brought by such insureds; and

    f. breached General Statutes § 38a-816(6)(n) by failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

30. Failing to adequately repair or compensate the plaintiff for repairs to the Plaintiff's property and forcing her to incur substantial costs as a result is and was an unfair trade practice prohibited by Connecticut General Statute § 42-110b, et seq.

31. The Defendant's failures, decisions, and actions as set forth in the above paragraphs of this count resulted from its implementation of an unfair claims valuation policy that prioritized reduction of claim pay-outs above a fair evaluation of its insureds' claims.

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



32. The Co-Defendant has engaged in such conduct as highlighted above with various others similarly situated to the Plaintiff, as show in the following cases:

   a. HHB-CV-23-6078752-S, <u>Eleni Real Estate, LLC v. Amguard Insurance Company</u>: Eleni Real Estate sued Amguard Insurance Company for breach of contract and breach of the implied covenant of good faith and fair dealing after Amguard denied their claim. Amguard initially denied the claim because it said Eleni Real Estate did not own the property. After Eleni Real Estate appealed, Amguard reversed its denial. However, Amguard then re-denied the claim, alleging that there was no heat to the building before the loss.

   b. HHD-CV-18-6091748-S, <u>4702 Second Avenue Corp d/b/a 4702 2nd Ave. Corp., Et Al. v. Amguard Insurance Company</u>: 4702 Second Avenue Corp. sued Amguard for breach of contract after Amguard wrongfully denied its claim and failed to indemnify the company for damages sustained on December 23, 2016.

   c. NNH-CV23-6132049-S, <u>Samuel Waknine, Et Al. v. Amguard Insurance Company</u>: Samuel and Jeanne Waknine sued Amguard for breach of contract after Amguard failed to fully pay for the cost of damages from two separate weather events. The Waknines also alleged Amguard negligently adjusted and handled their claims, committed unfair and deceptive acts, and negligently inflicted emotional distress.

33. As shown by the Defendant's conduct alleged in this complaint, wrongful denials for the monetary benefit of the Defendant has become regular conduct and has been committed and performed with such frequency to indicate that it is a general business practice of the Defendant.

34. Under CUIPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including the amount of any judgment in excess of the policy limits, offer of compromise interest, taxable costs in the action, emotional distress, and punitive damages.

35. The Defendant breached and/or violated CUTPA in that its misconduct as alleged offends public policy as established in General Statutes § 38a-815 and 38a-816.

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

6



36. The Defendant breached and/or violated CUTPA in that its misconduct as alleged offends public policy as established in General Statutes § 38a-815 and 38a-816.

37. At all times relevant, the Defendant operates an insurance company which deals in, among other areas, providing insurance policies to homeowners.

38. The Defendant engaged in actions which are in violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

39. The Defendant engages in the aforementioned actions and knew, or should have known, that these actions are detrimental to the consumer with no viable options for recourse.

40. The Defendant's conduct was unethical.

41. The Defendant's conduct was immoral.

42. The Defendant's conduct was unscrupulous.

43. The Defendant's conduct was oppressive.

44. The Defendant's conduct was reckless.

45. The Defendant's conduct as alleged herein has caused substantial harm to the Plaintiff.

46. The Defendant's conduct as alleges herein constitutes a knowing violation of Connecticut Unfair Trade Practices Act, Connecticut General Statutes Section 42-110a *et seq*.

47. The Defendant's conduct poses a substantial risk to the public, as they are a large insurance company which issues millions of insurance policies each year.

48. Pursuant to C.G.S. § 41-110g(c), a copy of this complaint has been mailed to the Attorney General and the Commissioner of Consumer Protection.

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



49. Under CUTPA, the Plaintiff is entitled to recover compensatory damages from the Defendant, including the amount of judgment in excess of the policy limits, offer of compromise interest, taxable costs in the action, emotional distress, and punitive damages.

50. As a result of the Defendant's violations of CUTPA, the Plaintiff is entitled to punitive damages to be determined by the tribunal.

## COUNT FOUR: KARA GIBSON MOSCOL V. AMGUARD INSURANCE COMPANY - BREACH OF CONTRACT

1. The Plaintiff, Kara Gibson Moscol (hereinafter the "Co-Plaintiff"), was and still is a resident of the State of Connecticut with her place of residence being in the Town of West Hartford.

2. The Defendant, AmGUARD Insurance Company, was and is a foreign corporation licensed to issue policies of insurance in the State of Connecticut and has a principal place of business at 39 PUBLIC SQUARE, WILKES-BARRE, PA 18701.

3. At all times relevant hereto, the Co-Plaintiff owned and maintained an insurable interest in a three-story residential property located at 18 Fowler Court in the City of New London, Connecticut (hereinafter the "property").

4. On or around April 11, 2023, water began to leak through into the first floor of the property which resulted in water damage to the Co-Plaintiff's real property.

5. At the same time and place, cracks formed in the window frames, walls, and trim of the second story of the property.

6. On or before April 11, 2023, the Defendant issued to the Co-Plaintiff, in the State of Connecticut, in consideration for premiums paid, a policy of insurance for homeowners insurance coverage, bearing policy number JOHO421266 (hereinafter the "policy"), which

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

8



included coverage for direct physical loss or damage to the property except as specifically excluded by the policy.

7. On June 14, 2023, the Co-Plaintiff, or her agent, made a claim with the Defendant for structural damage and water damage as outlined above.

8. On or about June 19, 2023, the Defendant issued a denial of the Co-Plaintiff's claim.

9. Subsequent to the Co-Plaintiff's claim, in late 2023 the Co-Plaintiff caused the interior walls on the second and third floors of the property to be removed because of the cracks in the walls, window frames, and floor molding, which uncovered substantial water damage from water intrusion to the back of the plaster walls.

10. As the same time and place, the subsequent water intrusion caused substantial damage to the Co-Plaintiff's property.

11. The aforementioned water damage caused by the water intrusion will cost in excess of $178,635.39, of which the Co-Plaintiff timely notified the Defendant of on May 2, 2024.

12. At all times relevant, the Co-Plaintiff's property was structurally sound.

13. The Co- Plaintiff suffered a direct physical loss or damage that is not specifically excluded by the policy.

14. The Defendant breached the contract between it and the Co-Plaintiff, in that they:

   a. Failed to compensate the Co-Plaintiff for his property damage sustained in the two incidents involving the water intrusion;

   b. Improperly denied the Co-Plaintiff's claim for coverage when it knew or should have known that the damage at the property was covered under the Plaintiff's policy;

   c. Misrepresented policy provisions and pertinent facts to coverages at issues when analyzing photographs provided by the Co-Plaintiff pertaining to water damage to personal property; and

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

9



    d.    Failed to compensate the Co-Plaintiff for damage to personal property, fixtures and other interior property damage.

15. The aforementioned insurance policy was in effect at the time of the initial water intrusion, on or before April 11, 2023, and continued through at least February 2024.

16. The property damage was not subject to any exclusion under the policy.

17. The Defendant is in breach of its contract with the Plaintiff.

18. As a direct and proximate result of the Defendant's breach, the Co-Plaintiff has suffered damages, including property damage to the property.

19. As a direct and proximate result of the Defendant's breach, the Co-Plaintiff has expended funds in restoring the property.

20. As a result of the Defendant's breach of contract, the Co-Plaintiff incurred further water damage throughout the property, both as a result of the water damage already existing at the time of the initial claim and the subsequent water damage.

## COUNT FIVE: KAREN GIBSON MOSCOL V. AMGUARD INSURANCE COMPANY - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1-20. Paragraphs 1 through 20 of Count Four are hereby repeated, reasserted, realleged and incorporated as Paragraphs 1 through 20 of this Count Five, as if set forth herein.

21. The Co-Plaintiff had a reasonable expectation that the Defendant would comply with their obligations under the insurance policy.

22. The Defendant failed to comply with its obligations in bad faith, in that they:

    a.    Failed and/or neglected to provide coverage for the above losses when all such information had been disclosed to them, for the purposes of monetary gain to the Defendant;

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

    b. Communicated such denial to the Co-Plaintiff in an effort to deceive the Co-Plaintiff into believing that she did not have coverage for his losses sustained and timely reported to the Defendant, for the purposes of monetary gain to the Defendant;

c. Committed such actions with a fraudulent intent to increase the Defendant's profits in retaining funds due to the Co-Plaintiff under the insurance policy between the Co-Plaintiff and Defendant.

23. As a result of the Defendant's failure to comply with its obligations in bad faith, the Co-Plaintiff has suffered damages including the costs to demolish and repair significant portions of the property.

**COUNT SIX: KAREN GIBSON MOSCOL V. AMGUARD INSURANCE COMPANY - BREACH OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT**

1-23. Paragraphs 1 through 23 of Count Five are hereby repeated, reasserted, realleged and incorporated as Paragraphs 1 through 23 of Count Six, as if set forth herein.

24. After the Co-Plaintiff made the initial insurance, the Defendant sent an inspector to inspect the premises. After the inspection, the Defendant denied the Co-Plaintiff's claim on the basis of a structural damage exclusion under the policy.

25. The Co-Plaintiff subsequently had the property inspected by an engineer who opined that the property was structurally sound and that the water intrusion was caused by masonry deterioration behind the interior plaster walls.

26. To the date of this complaint, the Co-Plaintiff has not been compensated for his losses.

27. The Defendant has failed to compensate the Co-Plaintiff for property damage sustained when it became reasonably clear that liability was in favor of compensating the Plaintiff.

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM



28. The Co-Plaintiff has been forced to institute litigation to recover for property damage resulting from the loss.

29. The Defendant breached the Connecticut Unfair Insurance Practice Act, General Statutes § 38a-815 and 38a-816 ("CUIPA"), in one or more of the following ways, which breaches resulted in substantial injury to the Co-Plaintiff as consumers of its insurance, in that it:

   g. breached General Statutes § 38a-816(6)(b) by failing to acknowledge and act with reasonable promptness upon communications concerning claims arising under its insurance policy provisions;

   h. breached General Statutes § 38a-816(6)(c) by failing to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policy provisions;

   i. breached General Statutes § 38a-816(6)(d) by refusing to pay claims without conducting a reasonable investigation based upon all available information;

   j. breached General Statutes § 38a-816(6)(f) by not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability/ responsibility has become reasonably clear;

   k. breached General Statutes § 38a-816(6)(g) by compelling insureds to institute litigation to recover amounts due under its insurance policy provisions by offering substantially less than the amounts which have been or will be ultimately be recovered in the actions brought by such insureds; and

   l. breached General Statutes § 38a-816(6)(n) by failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

30. Failing to adequately repair or compensate the Co-Plaintiff for repairs to the Co-Plaintiff's property and forcing her to incur substantial costs as a result is and was an unfair trade practice prohibited by Connecticut General Statute § 42-110b, et seq.

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

12



31. The Defendant's failures, decisions, and actions as set forth in the above paragraphs of this count resulted from its implementation of an unfair claims valuation policy that prioritized reduction of claim pay-outs above a fair evaluation of its insureds' claims.

32. The Co-Defendant has engaged in such conduct as highlighted above with various others similarly situated to the Co-Plaintiff, as show in the following cases:

   a. HHB-CV-23-6078752-S, Eleni Real Estate, LLC v. Amguard Insurance Company: Eleni Real Estate sued Amguard Insurance Company for breach of contract and breach of the implied covenant of good faith and fair dealing after Amguard denied their claim. Amguard initially denied the claim because it said Eleni Real Estate did not own the property. After Eleni Real Estate appealed, Amguard reversed its denial. However, Amguard then re-denied the claim, alleging that there was no heat to the building before the loss.

   b. HHD-CV-18-6091748-S, 4702 Second Avenue Corp d/b/a 4702 2nd Ave. Corp., Et Al. v. Amguard Insurance Company: 4702 Second Avenue Corp. sued Amguard for breach of contract after Amguard wrongfully denied its claim and failed to indemnify the company for damages sustained on December 23, 2016.

   c. NNH-CV23-6132049-S, Samuel Waknine, Et Al. v. Amguard Insurance Company: Samuel and Jeanne Waknine sued Amguard for breach of contract after Amguard failed to fully pay for the cost of damages from two separate weather events. The Waknines also alleged Amguard negligently adjusted and handled their claims, committed unfair and deceptive acts, and negligently inflicted emotional distress.

33. As shown by the Defendant's conduct alleged in this complaint, wrongful denials for the monetary benefit of the Defendant has become regular conduct and has been committed and performed with such frequency to indicate that it is a general business practice of the Defendant.

34. Under CUIPA, the Co-Plaintiff is entitled to recover compensatory damages from the Defendant, including the amount of any judgment in excess of the policy limits,

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

13



offer of compromise interest, taxable costs in the action, emotional distress, and punitive damages.

35. The Defendant breached and/or violated CUTPA in that its misconduct as alleged offends public policy as established in General Statutes § 38a-815 and 38a-816.

36. The Defendant breached and/or violated CUTPA in that its misconduct as alleged offends public policy as established in General Statutes § 38a-815 and 38a-816.

37. At all times relevant, the Defendant operates an insurance company which deals in, among other areas, providing insurance policies to homeowners.

38. The Defendant engaged in actions which are in violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

39. The Defendant engages in the aforementioned actions and knew, or should have known, that these actions are detrimental to the consumer with no viable options for recourse.

40. The Defendant's conduct was unethical.

41. The Defendant's conduct was immoral.

42. The Defendant's conduct was unscrupulous.

43. The Defendant's conduct was oppressive.

44. The Defendant's conduct was reckless.

45. The Defendant's conduct as alleged herein has caused substantial harm to the Co-Plaintiff.

46. The Defendant's conduct as alleges herein constitutes a knowing violation of Connecticut Unfair Trade Practices Act, Connecticut General Statutes Section 42-110a *et seq.*

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

14



47. The Defendant's conduct poses a substantial risk to the public, as they are a large insurance company which issues millions of insurance policies each year.

48. Pursuant to C.G.S. § 41-110g(c), a copy of this complaint has been mailed to the Attorney General and the Commissioner of Consumer Protection.

49. Under CUTPA, the Co-Plaintiff is entitled to recover compensatory damages from the Defendant, including the amount of judgment in excess of the policy limits, offer of compromise interest, taxable costs in the action, emotional distress, and punitive damages.

50. As a result of the Defendant's violations of CUTPA, the Co-Plaintiff is entitled to punitive damages to be determined by the tribunal.

**WHEREFORE, the plaintiffs claim:**

1. **Fair, just and reasonable damages;**
2. **Punitive Damages and Attorney's Fees as to Counts Two and Three;**
3. **Monetary Relief;**
4. **Costs; and**
5. **Such other further and different relief as this Court may deem just and reasonable.**

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

15



THE PLAINTIFF,
JOHN MOSCOL AND KARA GIBSON MOSCOL

BY: _____
Anthony M. Scricca, Esq.
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900
F: (203) 562-0902
filing@bbbattorneys.com
Firm Juris: 433193

BILLINGS, BARRETT
& BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

A TRUE COPY
ATTEST: _____
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON



| | | |
|---|---|---|
| DOCKET NO.: HHD-CV23-6173706-S | : | SUPERIOR COURT |
| | : | |
| JOHN MOSCOL AND KARA | : | |
| GIBSON MOSCOL | : | J. D. OF NEW LONDON |
| | : | |
| V. | : | AT NEW LONDON |
| | : | |
| AMGUARD INSURANCE COMPANY | : | NOVEMBER 18, 2024 |

## STATEMENT OF AMOUNT IN DEMAND

Plaintiff claims damages, exclusive of interest and costs, in excess of fifteen thousand dollars ($15,000.00).

Respectfully submitted,

PLAINTIFFS,
JOHN MOSCOL AND KARA GIBSON MOSCOL

BY: _____
Anthony M. Scricca, Esq.
BBB Attorneys, LLC
3651 Main Street, Suite 200
Stratford, CT 06614
T: (203) 562-0900
F: (203) 562-0902
filing@bbbattorneys.com
Firm Juris: 433193

A TRUE COPY
ATTEST:
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

BILLINGS, BARRETT & BOWMAN, LLC

3651 MAIN STREET
SUITE 200
STRATFORD, CT
06614

41 NORTH MAIN STREET
SUITE 303
WEST HARTFORD, CT
06107

O 203 562 0900
F 203 562 0902
BBBATTORNEYS.COM

17